485 So.2d 606 (1986)
STATE of Louisiana
v.
Nathaniel COOK.
No. KA-3980.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1986.
Rehearing Denied April 16, 1986.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Timothy M. Warner, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Malvern Burnett, Student Practitioner, Elizabeth W. Cole, Supervising Atty., Tulane Criminal Law Clinic, New Orleans, for defendant-appellant.
Before GULOTTA, SCHOTT and GARRISON, JJ.
*607 GARRISON, Judge.
The defendant, Nathaniel Cook, was charged by grand jury indictment with aggravated rape in violation of LSA-R.S. 14:42.[1] After a jury found the defendant guilty as charged, he was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. He was also sentenced to pay $74.00 in court costs or serve an additional thirty day sentence in default thereof. Defendant appeals his conviction and sentence.
On February 13, 1984 at approximately 8:55 p.m., Officer Steven Dunn of the New Orleans Police Department responded to a call at 920 St. Mary Street in New Orleans. Upon arrival, Officer Dunn was told by Brenda McMillan that her ten year old daughter had just been sexually attacked by the defendant, McMillan's former boyfriend. McMillan had allegedly left her home momentarily and when she returned, her daughter was running to her room with her pants down and the defendant was standing in the kitchen with his penis exposed. The child allegedly told McMillan that sexual activity between her and the defendant had begun several months earlier when McMillan and the defendant were living together. After this discussion, McMillan handed her gun to the child and told the child to bring the gun across the street to her grandmother. McMillan then went over to her mother's house to call the police. The defendant followed her and she fired several shots at him. Defendant left the scene and was arrested soon thereafter in a nearby area.
At trial, the trial judge interviewed the child in chambers to determine the child's competency to testify in accordance with LSA-R.S. 15:469.[2] After the judge was satisfied as to the child's competency as a witness, the child testified that the defendant had forced her to have sex with him on February 13, 1984 and on several dates in the preceding year. She claimed that the defendant paid her approximately three dollars prior to each sexual attack and told her not to tell her mother under threats that she would be beaten by her mother and that he would go to jail.
The defendant denied ever having sexual relations with the child and claimed that the child was lying out of fear of being beaten by her mother.
Due to the following reversible errors committed by the trial judge, we reverse the defendant's conviction and remand this case for a new trial.
In defendant's first assignment of error, he contends that the trial court erred in granting the State's motion in limine which prevented defense counsel from questioning a state witness regarding that *608 witness' arrest for shooting the defendant on a prior occasion.
LSA-R.S. 15:495 provides:
Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein.
However, LSA-R.S. 15:492 provides:
When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same.
In State v. Sweeney, 443 So.2d 522 (La. 1983), the court stated for the following reasons that the questioning of a witness as to a prior arrest was permissible to show special interest or bias:
"The limitation of La.R.S. 15:495 on the use of arrests in impeachment applies only to the method of impeaching the credibility of a witness by his prior conviction of a crime. Irrespective of its relevance to the present prosecution, a conviction per se historically is a relevant factor for the trier of fact's evaluation of a witness' credibility; however, the mere fact that a witness has been previously arrested or indicted is not regarded as logically relevant to the jury's evaluation on that ground, being a mere accusation. However, another accepted method of impeaching the credibility of a witness is by showing that the witness is biased or interested in the special case on trial because of partiality or of any acts, relationships, or motives reasonably likely to produce it. Louisiana jurisprudence has generally permitted full scope of cross-examination in the interest of exposing for trier of fact evaluation any bias or interest of the witness which might influence his perceptions or color his testimony. State v. Robinson, 337 So.2d 1168 (La.1976)."
In the Sweeney case, the court allowed the State to cross-examine a witness about a prior drug arrest to show the witness' bias toward two particular narcotics agents, stating that:
"Thus, the present cross-examination as to the arrest was not within the prohibition of La.R.S. 15:495 because it was independently relevant and permitted under La.R.S. 15:492 to show particular bias in the special case before the court." Id. at 530.
It has been further stated that the bias sought to be shown must be personal against the defendant rather than general in nature. State v. Williams, 445 So.2d 1171 (La.1984).
In granting the State's motion in limine in this case, the trial judge prevented the defense from eliciting testimony from Brenda McMillan as to a prior arrest for shooting the defendant after observing the defendant with another woman. We find this allegation to be very relevant to the defendant's claim that McMillan had a personal bias against him.
The trial court's failure to allow the introduction of this evidence would not warrant reversal if this court finds that this was harmless error. LSA-C.Cr.p. art. 921. Under the "harmless error" test, it must be determined whether there is a reasonable possibility that the admission or exclusion of certain evidence, depending on the case, might have contributed to the conviction beyond a reasonable doubt. State v. Martin, 458 So.2d 454 (La.1984); State v. Vessell, 450 So.2d 938 (La.1984).
The State argues that the trial court's error was harmless because defense *609 counsel was allowed to cross-examine McMillan as to her prior romantic involvement with the defendant. However, this testimony does not demonstrate the same extent of this witness' bias toward the defendant as the evidence that this witness has had such strong feelings against the defendant in the past that she has shot him.
Although testimony as to the witness' prior arrest was elicited when the defendant took the stand, the defendant argues that this decision to testify in order to present this evidence also forced him to reveal that he has a prior conviction for a sexual offense. Because the only evidence against the defendant consisted of the testimony of McMillan and her ten year old daughter, it cannot be concluded that the evidence of the defendant's prior conviction did not contribute to the verdict beyond a reasonable doubt. Therefore, we conclude that the trial judge committed reversible error in granting the State's motion in limine which prevented the defense from ascertaining whether or not McMillan had a personal bias against the defendant.
In assignments of error two and five, the defense argues that the trial court erred in denying defendant's motion for mistrial due to the trial judge's alleged indirect comment on the truthfulness of the ten year old victim's testimony in violation of C.Cr.P. art. 772[3]. Specifically, the defense claims that the trial judge's reward of candy to the child following the child's testimony amounted to a court endorsement of the witness' veracity. Additionally, the defense objects to the fact that the trial judge interviewed the child to determine her competency as a witness in the presence of the jury after this same examination had already taken place in the judge's chambers. According to the defense, this unnecessary additional questioning of the defendant was also a comment on the witness' veracity.
Although this latter action by the trial judge was completely unnecessary, it was harmless error. However, the trial judge's decision to reward the child witness with candy in the presence of the jury cannot be justified. This action could certainly be viewed by the jury as an indirect comment on this witness' veracity. In taking this action in the jury's presence, the trial judge again committed reversible error.
We pretermit discussion of the remaining assignments of error due to our finding of the above-mentioned remaining reversible errors in this case. Because the trial judge erred in granting the State's motion in limine and in indirectly commenting on the evidence, we reverse the defendant's conviction and remand this case for a new trial consistent with the views set forth in this opinion.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 14:42 states as follows:

A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
(5) When two or more offenders participated in the act.
B. For purposes of Paragraph (5), "participate" shall mean:
(1) Commit the act of rape.
(2) Physically assist in the commission of such act.
C. Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
[2] LSA-R.S. 15:469 states as follows:

Understanding and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objections either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness.
[3] LSA-C.Cr.P. art. 772 states as follows:

"The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted."